UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | 4:08-CR-44(1) |
| § | |
| MARIO ALBERTO RAYMUNDO § | |

### AMENDED REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

On July 29, 2008, and September 9, 2008, the court held hearings on the government's Petition to Revoke Supervised Release (#2). The government was represented by Assistant United States Attorneys Randy Blake and Steven Buys. The defendant was represented by Denise Benson.

Mario Alberto Raymundo was sentenced on December 15, 2006, before the Honorable U.S. District Judge George P. Kazen of the Southern District of Texas – Laredo Division, in Case No. 5:06cr758-2, after pleading guilty to the offense of transport an alien within the United States by means of a motor vehicle for purpose of financial gain, a Class C felony. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. Mario Alberto Raymundo was subsequently sentenced to 18 months imprisonment followed by a term of three years supervised release subject to the standard conditions of release, plus certain special conditions of release. On August 10, 2007, Mario Alberto Raymundo completed his period of imprisonment and began service of the supervision term. On January 10, 2008, an order was entered by Judge Kazen transferring Mr. Raymundo's supervised release to the United States District Court for the Eastern District of Texas – Plano Division.

On July 11, 2008, the instant petition to revoke was filed. In its petition, the government alleges that the defendant violated the following conditions:

1) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Specifically, the government alleges as follows: On October 19, 2007, the defendant submitted a urine specimen which tested positive for cocaine. He admitted verbally and in writing to using cocaine on October 17, 2007. On November 13, 2007, the defendant submitted a urine specimen which tested positive for marijuana, and on December 7, 2007, he submitted a urine specimen which tested positive for cocaine.

2) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Specifically, the government alleges as follows: On October 19, 2007, the defendant submitted a urine specimen which tested positive for cocaine. He admitted verbally and in writing to using cocaine on October 17, 2007. On December 7, 2007, the defendant submitted a urine specimen that tested positive for cocaine.

3) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. Specifically, the government alleges that the defendant failed to report to the U. S. Probation Office as directed on May 6, and May 29, 2008.

4) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. Specifically, the government alleges as follows: The defendant was terminated from Advanced Fixtures, Farmersville, Texas, on June 17, 2008, and has failed to report a change in employment to the U. S. Probation Office.

5) The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addition, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drug and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur the costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer. Specifically the government alleges as follows: The defendant failed to submit to drug testing at the Alterman Group, Plano, Texas, on April 18, 28 and 29, May 2, 5, 6, 12, 14, 16 and 30; and June 6, 13, 16, 19 and 23, 2008, as directed.

6) The defendant shall be placed on home detention for a period not to exceed 150 days, to commence upon determination of the U. S. Probation Office. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U. S. Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring. Specifically, the government alleges that the defendant has violated his home confinement with electronic monitoring schedule on numerous occasions by leaving his residence for activities not approved by

the U. S. Probation Office during the months of March, April, May and June 2008.

The court scheduled a revocation hearing for July 29, 2008. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the first allegation as set forth above, and the government abandoned the remaining allegations. Based on the defendant's plea of true to the first allegation, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 13 months with no supervised release to follow. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the first allegation as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to this allegation, it is further recommended that the Court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 13 months, with no term of supervised release to follow such term of imprisonment.

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its Seagoville, Texas, facility during the period of his confinement.

At the close of the September 9, 2008 revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed

4

findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 16th day of September, 2008.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE